IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLAYNE DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1704-O |
| | § | |
| DAN C. GUTHRIE, JR., | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Order of Reference* dated May 3, 2013, before the Court is *Defendant's Motion to Dismiss Complaint and Brief in Support Thereof*, filed May 14, 2013 (doc. 7). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

## I.  BACKGROUND

On August 6, 2010, Blayne Davis (Plaintiff) retained Dan C. Guthrie, Jr. (Defendant), a criminal defense attorney licensed in Texas, to represent him in a criminal jury trial scheduled for February 28, 2011, in the Middle Eastern of Florida. (Compl. (doc. 3) at 1–2, 13.) In December 2009, about seven or eight months prior to being charged and arrested for the underlying offense, Plaintiff relocated from Florida to Austin, Texas, with his family. (docs. 7-2 at 2–3; 9 at 1–2.) Following his arrest in Houston, Texas, a federal court held a detention hearing on July 21, 2010, at which Plaintiff and his father testified. (docs. 7-2–7-3; 10 at 2–3.) Plaintiff was eventually convicted of three counts of wire fraud, and in November 2011, he was sentenced to three years' imprisonment, followed by three years of supervised release. (*Id.* at 5.) He is currently an inmate at Bastrop Federal Correctional Institution (FCI) in Bastrop, Texas. (doc. 3 at 14.)

On May 3, 2013, Plaintiff filed this *pro se* suit against Defendant, asserting claims for legal

malpractice, fraud, and breach of contract. (doc. 3 at 1.) A few days later, Defendant moved to dismiss the complaint for lack of subject-matter jurisdiction, contending that diversity jurisdiction is lacking in this case because both he and Plaintiff are Texas citizens. (doc. 7 at 2–3.) With a timely filed response (doc. 9) and reply (doc. 14), the motion is now ripe for recommendation.

## II. RULE 12(b)(1) MOTION TO DISMISS

Defendant moves to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. (doc. 7.)

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Such a motion "may be raised by a party, or a by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006). The court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The dismissal "is not a determination of the merits," however, and "it does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### A.     Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

2

A district court may dismiss an action for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. Facial attacks are usually made early in the proceedings. *Id*. When evidence is presented with the motion to dismiss, the attack is "factual." *Williamson*, 645 F.2d at 413. In that case, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Defendant has attached various documents to his motion to dismiss. (docs. 7-1–7-4.) The motion therefore presents a factual attack, and no presumption of truth attaches to Plaintiff's allegations. *See Williamson*, 645 F.2d at 412–13.

**B.**     **Diversity Jurisdiction**

Defendant argues that there is no diversity jurisdiction in this case because both he and Plaintiff are Texas citizens. (doc. 7 at 2.)

A district court's original jurisdiction is of two types: federal question jurisdiction and

3

diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id.* § 1332(a). "Complete diversity" of citizenship means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992).

Plaintiff's claims against Defendant for legal malpractice, fraud, and breach of contract arise solely under state law. Because the complaint asserts no allegations to support any federal cause of action against Defendant, the Court has jurisdiction over this case only if there is diversity jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Retail Plaza Inc.*, No. 3:12-CV-5001-B-BH, 2012 WL 6950308, at *1 (N.D. Tex. Dec. 31, 2012), *rec. adopted*, 2013 WL 323330 (N.D. Tex. Jan. 25, 2013). As the party asserting federal jurisdiction, Plaintiff bears the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991).

### 1.     *Prisoner Citizenship*

In cases where a prisoner's citizenship is at issue, federal "courts have held that [he] is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to reside elsewhere when he is released, in which event he is a citizen of that state."[1] *Bridwell v. Ferrell*, No. 3:07-CV-1575-D, 2008 WL 2388715, at *2 (N.D. Tex. May 9, 2008) (citations omitted); *Combs v. City of Dallas*, No. 3:06-CV-074 P, 2006 WL 3635357, at *6 (N.D. Tex. Sept. 22, 2006) (citation omitted); *Ronald Alexander Leblanc Trust v. Ransom*, 276 F. Supp. 2d 647, 651 (S.D. Tex. 2003).

---

[1] "This rule [is] based on the notion . . . that a change of domicile requires a voluntary act and that the domicile of a person cannot be changed by virtue of the legal and physical compulsion of imprisonment." *Bridwell*, 2008 WL 2388715, at *2 (citing *Jones v. Hadican*, 552 F.2d 249, 250–51 (8th Cir. 1977)). The Fifth Circuit has not yet explicitly ruled on the issue of a prisoner's citizenship. *Id.*

4

Here, Plaintiff claims he was a Florida citizen before he was incarcerated at Bastrop FCI. (*See* docs. 3, 9.) Alternatively, he argues that regardless of his prior citizenship, he should be considered a Florida citizen for purposes of Defendant's motion because he *intends* to reside in Florida *after* his release from prison. (doc. 9 at 1–2.)

### 1. *Plaintiff's Domicile Before His Incarceration*

"A United States citizen who is domiciled in a state is a citizen of that state." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *see also* U.S. CONST. AMEND. XIV, § 1. Consequently, for purposes of determining diversity jurisdiction, a person's state citizenship is generally "regarded as synonymous with domicile." *Id.* "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . .'" *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

"[A]lthough the place of residence is prima facie the domicile," "residence alone is not the equivalent of citizenship," and "citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Stine*, 213 F.2d at 448. Accordingly, whenever a person relocates, there is a presumption that his or her domicile remains the same. *Preston v. Tenet Healthsystem Mem'l Mgmt. Servs., LLC*, 485 F.3d 793, 797–98 (5th Cir. 2007) (citing *Coury*, 85 F.3d at 248)). This presumption may be defeated by a demonstration of " both (1) residence in a new state, and (2) an intention to remain in that state indefinitely." *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003) (citing *Coury*, 85 F.3d at 250). "There is no durational residence requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established." *Id.*

5

The Fifth Circuit has identified several factors to consider in determining a person's "intention to establish domicile," such as "the places where [he] exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251 (citations omitted); *Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir. 1972). The Fifth Circuit has also emphasized that "[d]omicile is . . . evaluated in terms of objective facts," and a person's "statements of intent are entitled to little weight when [they] conflict with [those] facts."[2] *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985); *Hendry*, 455 F.2d at 956.

Here, Plaintiff contends that before he was incarcerated at Bastrop FCI, he was domiciled in Florida. He lived there since 1999 and has always planned to return upon the completion of his prison term and to serve his supervised release there. (docs. 3 at 1; 9 at 1–2.) He maintains that despite his relocation before his trial to Austin, Texas, he never intended to transfer his domicile from Florida to Texas. (doc. 9 at 2.) His declaration asserts that (1) his wife's mother has owned a house in Florida for the past 30 years; (2) despite his travels overseas, he always intended that Florida remain his domicile; (3) through "inquiries" he made in early 2010, he learned that a criminal case might be filed against him and he "might be sentenced to prison if convicted," so he and his wife "made a family decision to [move to] the Austin, Texas area until things were settled in court"; and (4) all of the facts related to his conviction occurred in Florida. (doc. 10 at 1–3.)

Defendant counters that Plaintiff established a Texas domicile long before he was

---

[2] "Words may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there." *Stine*, 213 F.2d at 448. "In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile." *Id.*

incarcerated in Texas because he moved with his family to Austin, Texas, in December 2009, and he lived there continuously until he was charged, convicted, and sentenced in 2011. (docs. 7 at 3; 14 at 3.) He points to: (1) Plaintiff's father's testimony at Plaintiff's detention hearing held in Houston, Texas, on July 21, 2010, that Plaintiff and his wife moved to Austin in December 2009; (2) Plaintiff's testimony at the hearing that he would reside in Austin, Texas, "during the pendency of [the] case"; (3) the court's conditions of pre-trial release, including the restriction that Plaintiff continue residing in Austin, Texas; and (4) Plaintiff's notification to Defendant of his change of address in January 2011, showing that he moved from one Austin, Texas, address to another. (docs. 7-2 at 2–3; 7-3 at 2; 7-4 at 3; 7-5 at 1.)[3]

Plaintiff's assertion that he did not establish a Texas domicile despite his 15-month presence in this state before his trial because he always intended to return to Florida after serving his sentence is entitled to "little weight" because it conflicts with the "objective facts." *See Freeman*, 754 F.2d at 556; *Stine*, 213 F.2d at 448. Plaintiff's relocation with his family to Austin, Texas, months before he was charged and detained (doc. 7-2 at 4), together with his statement to the court that he would reside in Austin, Texas throughout the pendency of the case (rather than return to Florida) (doc. 7-3 at 2), indicate that he intended to remain in Texas indefinitely. Because the elements of physical

---

[3] In his reply, Defendant also proffers: (1) a copy of the criminal complaint filed in the Middle District of Florida on June 21, 2010, six months after Plaintiff moved to Austin, Texas; (2) evidence that Plaintiff obtained a Texas driver's license on March 3, 2010, and listed a personal Austin, Texas, address; and (3) a copy of a post-conviction motion Plaintiff filed on November 9, 2011, requesting that he be assigned to Bastrop FCI because it was "the closest suitable" facility to "the Austin area," where his immediate family lived. (docs. 14-1–14-3.) Defendant did not seek leave to submit additional evidence in support of his reply. A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond. Because Plaintiff did not have a meaningful opportunity to respond to the exhibits attached to Defendant's reply, they are not considered. *See Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (Fitzwater, C.J.) ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [] retains the discretion to decline to consider them.").

presence in Texas and intent to remain in this state indefinitely are met, his Texas domicile was "instantaneously established." *See Acridge*, 334 F.3d at 448. By becoming a Texas domiciliary prior to his incarceration in a Texas prison, Plaintiff also became a Texas citizen. *See Coury*, 85 F.3d at 249. Plaintiff has therefore failed to meet his burden of establishing diversity jurisdiction on this basis. *See Bridwell*, 2008 WL 2388715, at *2 (holding that the plaintiff failed to meet his "burden of establishing the court's [diversity] jurisdiction" where "[h]is complaint [was] devoid of any allegations establishing that he was a Missouri resident immediately prior to his incarceration" in a Texas prison, and where all of the objective facts showed he was a resident of Texas at that time).

### 3. *Plaintiff's Domicile After His Release*

Plaintiff argues in the alternative that he should be considered a Florida citizen because he plans to return and serve his supervised release term there after leaving Bastrop FCI. (doc. 9 at 2.)

As noted, some courts have held that a prisoner may rebut the presumption that he retains citizenship of the state of which he was a citizen immediately prior to his incarceration by showing that he intends to reside in another state after his release. *Bridwell*, 2008 WL 2388715, at *2; *Leblanc*, 276 F. Supp. 2d at 651. In assessing the prisoner's intent, courts have considered "the prisoner's declaration of his intentions and the manner in which he has ordered his personal and business transactions," and well as any other evidence that corroborates his statements.[4] *See Hall v. Clark*, No. 08-CV-465-SM, 2009 WL 1360476, at 2 (D.N.H. May 14, 2009) (citations omitted).

Here, Plaintiff has not proffered any evidence to corroborate his statements that he intends

---

[4] As previously noted, the Fifth Circuit has identified several factors that are relevant in determining, generally, a person's "intention to establish domicile," such as the places where he exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, and maintains bank accounts and a family home. *See Coury*, 85 F.3d at 251; *Hendry*, 455 F.2d at 956.

to reside and establish domicile in Florida after his release from Bastrop FCI. Although he alleges that his wife's mother owns a house in Florida that is the "family home" (doc. 9 at 2), he does not state that *he* personally owns any real or personal property in Florida, holds a Florida driver's license, or maintains bank accounts in that state. Nor does he provide any other evidence to rebut the presumption that he retains his Texas citizenship. Notably, his father testified at the July 21, 2010 detention hearing that Plaintiff's only "ties to the Orlando, Florida area" by the time of his arrest were "perhaps" "just friends" he may have there. (*See* doc. 7-2 at 4.)

With no "objective facts" to support his allegation regarding his intent to return to Florida, Plaintiff fails to meet his burden of showing diversity of citizenship exists on this basis as well. *See Chapa v. Ingram*, 116 Fed. App'x 476, 477 (5th Cir. 2004) (per curiam) (finding that the plaintiff's contention that "he should not be considered a citizen of Texas, the state where he lived prior to his incarceration, because he [did] not intend to reside there once he ha[d] served his sentence," without more, was "insufficient to rebut the presumption that he [was] a citizen of Texas" for purposes of diversity jurisdiction) (citation omitted); *Leblanc*, 276 F. Supp. 2d at 652 (holding that the plaintiff had failed to rebut the presumption that he was a Texas citizen because his claim of Louisiana citizenship was "based solely on his [unsupported] assertion that he intend[ed] to relocate to Louisiana" after his release from a Texas prison). Because Plaintiff has failed to meet his burden of establishing subject-matter jurisdiction, Defendant's motion to dismiss should be granted.

### III.   RECOMMENDATION

Defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction should be **GRANTED,** and all of Plaintiff's claims against him should be **DISMISSED without prejudice** to allow him the opportunity to pursue them in a court with proper jurisdiction.

**SO RECOMMENDED**, on this 20th day of December, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE